ORIGINAL

FILED

06/02/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0144

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0144

ROGER LUKE BELL,

Petitioner,

v.

LYNN GUYER, Warden
Montana State Prison,

Respondent.

FILED

JUN 0 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Roger Luke Bell (Roger) has filed a petition for a writ of habeas corpus, claiming that the Board of Pardons and Parole (Board) has violated his due process rights by denying him a parole. In compliance with a March 24, 2020 Order, the Special Assistant Attorneys General for the Department of Corrections (the Department) respond that Roger's petition should be denied.

On May 24, 1985, the Yellowstone County District Court sentenced Roger for two counts of deliberate homicide and two counts for the use of a weapon, imposing a total sentence of 220 years. The District Court designated Roger a dangerous offender, pursuant to § 46-18-404, MCA. *State v. Bell*, 225 Mont. 83, 95, 731 P.2d 336, 343 (1987). Roger became parole eligible on December 22, 2001.

Roger states that he appeared before the Board on February 20, 2019. Roger argues that the Board's three-member panel included a former police officer, Darrell Bell,[1] who was part of the criminal investigation leading to his arrest in 1984. Roger provides a copy of the subpoena and adds that this officer testified against him during his trial. Roger contends that this Board member should not have been allowed to sit on the hearing panel and that this member has a conflict of interest, resulting in an unfair and prejudicial hearing. Roger notes that he has worked very hard in the last nineteen years to walk "straight and

---

[1] Both parties point out that there is no relationship of consanguinity or affinity between Roger Luke Bell and Board member Darrell Bell.

narrow . . ." completing several treatment and educational programs. He requests that this Court "order the Board . . . to reconsider [his] case with an unbiased mind."

The Department reframes Roger's issues as follows: (1) whether Roger's procedural due process rights were violated by Board member Darrell Bell's participation in Roger's February 20, 2019 administrative review hearing; and (2) whether Darrell Bell had a conflict of interest that warranted his recusal from this hearing. The Department provides that because Roger committed his offenses before 1989, he has a liberty interest in parole. *McDermott v. McDonald*, 2001 MT 89, ¶ 8, 305 Mont. 166, 24 P.3d 200 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2103-04 (1979)). Pursuant to precedent, the Department acknowledges that Roger's liberty interest in parole is protected by the due process clause of the federal constitution. *McDermott*, ¶ 8 (citing *Board of Pardons v. Allen*, 482 U.S. 369, 377, 107 S. Ct. 2415, 2420 (1987)). The Department points out, however, that pursuant to a Montana statute, parole eligibility hinges on the Board's opinion that "there is a reasonable probability that the prisoner can be released without detriment to the prisoner or to the community[.]" Section 46-23-208(1)(a), MCA. *See also McDermott*, ¶ 8.

The Department next explains that Roger appeared before the Board on February 20, 2019, for an oral administrative review based on the record, under Admin. R. M. 20.25.402(1)(a) (2012), and that this administrative review is not a formal hearing. The Department states that after receiving a report of the offender's progress and conduct from its staff, the Board holds the oral administrative review where an inmate, like Roger, has the right to be present and to provide a statement on his behalf. The Department includes a copy of the administrative review's transcript. The Department further points out that the Board may not grant parole to a violent offender, such as Roger, upon an administrative review. Admin. R. M. 20.25.402(5) (2012). The Department posits that Roger's argument about the denial of parole therefore is without merit; however, the Department adds that while the administrative review does not rise to the level of a formal hearing, Roger's due process rights remain intact. As the Department highlights and this

2

Court has long adhered to, "the United States Supreme Court has held that due process is satisfied when the prisoner seeking parole is, at a minimum, provided with an opportunity to be heard and a written statement explaining why he was denied parole." *McDermott*, ¶ 11 (citing *Greenholtz*, 442 U.S. at 16, 99 S. Ct. at 2108; *Sage v. Gamble*, 279 Mont. 459, 465, 929 P.2d 822, 825 (1996)). The Department concludes that the Board did not violate his due process rights because Roger was given the opportunity to be heard and a written copy of the Board's case disposition. Roger also acknowledged this in his petition.

Next, the Department provides that Board member Darrell Bell's presence at this administrative review was not a conflict of interest. The Department points out that Darrell Bell as a former police officer did not participate personally and substantially in the investigation, prosecution, or sentencing of Roger, and supplies an affidavit in support from Board member Darrell Bell. The Department explains, and the affidavit supports, that Darrell Bell was a Sergeant with the Billings Police Department at the time of the murders in 1984, and that his main responsibility was to supervise patrol officers under his command. Then-Sergeant Bell appeared on scene to assist two patrol officers who had arrived earlier in securing the crime scene for detectives. Once secured, Darrell Bell instructed his officers to remain on scene and following his return to the police station, Darrell Bell wrote a report about his limited involvement in the homicide investigation. The Department states that Darrell Bell had no further involvement in the case. Moreover, the Department provides that when then-Sergeant Darrell Bell was initially dispatched to the crime scene, Roger had not yet been identified as a potential suspect in the murders. The Department adds that Darrell Bell only remembered Roger's identity after the filing of this instant petition. The Department addresses the subpoena attached to Roger's habeas corpus petition and states that Darrell Bell did not testify or otherwise participate in the criminal trial. The Department concludes that Board member Darrell Bell did not need to recuse himself because no conflict of interest exists. Admin. R. M. 20.25.101(2) (2016). The Department notes that the Board has since

3

ordered another administrative review for Roger in August 2020 because of an unrelated anomaly. Admin. R. M. 20.25.402(1)(b) (2012).

We find the Department's arguments persuasive and conclude that Roger's due process rights have not been violated. His administrative review was just that—a review where parole could not be granted. We also conclude that no conflict of interest was known or even identified before or during this administrative review to warrant Board member Darrell Bell's recusal.

"Parole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. We commend Roger for completing all of his treatment and educational programs over the years. Parole considerations are within the Board's broad discretion and not with this Court. *McDermott*, ¶¶ 24-25. The release also must be in the best interests of the society. Section 46-23-208(1)(b), MCA. In its case disposition, the Board wrote as its reason for denial that "Parole release at this time would diminish the severity of the offenses[.]" Section 46-23-208(4)(q), MCA. No indicated needs were marked. Roger has another administrative review in August of this year. He is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Roger's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Roger Luke Bell personally.

DATED this 2nd day of June, 2020.

_____
Chief Justice

_____

_____

4

Justices